RECEIVED
DEC 27 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DORIS A. THOMAS | CIVIL ACTION NO. 05-0280 |
| versus | JUDGE WALTER |
| | **REFERRED TO:** |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION | **MAGISTRATE JUDGE HORNSBY** |

## MEMORANDUM RULING

Doris Thomas ("Plaintiff") applied for Supplemental Security Income payments. ALJ Larry Butler conducted a hearing and analyzed the claim pursuant to the five-step sequential analysis set forth in 20 C.F.R. § 416.920 and described in Barnhart v. Thomas, 124 S.Ct. 376, 379-80 (2003). He found that Plaintiff was not working (step one) and suffered from obesity, diabetes, arthritis and a history of angina, impairments that are severe within the meaning of the regulations (step two) but not severe enough to meet or equal a listed impairment (step three).

The ALJ then found that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though a job may require lifting of only very little weight, it will still be classified as light rather than sedentary if it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. A person must have the

ability to do substantially all of these activities to be found capable of performing the full range of light work. 20 C.F.R. §§ 404.1567(b) and 416.967(b).

The ALJ then turned to step four, which asks whether the claimant is capable of performing the demands of her past relevant work, either as she actually performed her job or as the job is generally performed in the national economy. Villa v. Sullivan, 895 F.2d 1019, 1022 (5th Cir. 1990). Plaintiff had past relevant work as a fishery analyst. She described the work as requiring standing/walking for only three hours per work day, sitting for three hours per day, and only occasional climbing, kneeling and crouching. The ALJ concluded that Plaintiff retained the RFC to perform the actual functional demands and job duties of that past work, so the claim was denied.

The Appeals Council found no basis to review the decision. Plaintiff filed this action for judicial review pursuant to 42 U.S.C. 405(g). Her statement of errors in her brief contends that the ALJ's finding that Plaintiff is able to do her past relevant work as a fishery analyst is not supported by substantial evidence.

A central aspect of Plaintiff's argument is the lack of a medical opinion to support the RFC found by the ALJ. The regulations state that medical reports should include certain information such as medical history, clinical findings, diagnosis and a "statement about what you can still do despite your impairment(s) based on the acceptable medical source's findings as to medical history, diagnosis, etc." 20 C.F.R. § 416.913(b)(6). The regulation adds: "Although we will request a medical source statement about what you can still do despite

your impairment(s), the lack of the medical source statement will not make the report incomplete." Id. Statements about what a claimant can still do should include, for an adult, the source's opinion about the claimant's ability, despite her impairments, "to do work-related activities such as sitting, standing, walking, lifting, carrying, handling objects, hearing, speaking, and traveling." Section 416.913(c)(1).

Dr. Edwin Simonton, Jr., an orthopedic physician, conducted a consultative evaluation of Plaintiff in May 2003. His physical examination found no muscle spasm in the lumbar area, a reasonable range of motion in the spine, and a full range of motion in the shoulders, elbow, wrists and fingers. Plaintiff did complain of pain during the lumbosacral test, and her sensation to touch was diminished along her right leg. She had no impairment of dexterity or grasping ability. Plaintiff walked with a cane, but Dr. Simonton said that she was able to ambulate as well without the cane. An x-ray showed slight spurring in the lumbar spine but no other significant problems. Dr. Simonton concluded: "This woman does not present objective orthopedic findings which would prevent her from gainful employment."

Dr. Simonton did not, however, discuss how much Plaintiff could lift, whether she could push and pull arm or leg controls, whether Plaintiff could occasionally stoop and crouch, or whether Plaintiff was capable of walking or standing approximately six hours a day. All of those facts were, however, found by the ALJ when he assessed Plaintiff as having an RFC for light work. Tr. 14. Neither Dr. Simonton's report nor the ALJ's decision discuss how, if at all, Plaintiff's acknowledged obesity affects her ability to perform work

activity. Social Security Ruling 02-1p explains how the combined effects of obesity with other impairments may be greater than might be expected without obesity and, therefore, the agency "will explain how we reached our conclusions on whether obesity caused any physical or mental limitations."

The Commissioner contends that the RFC findings are supported by a report prepared by a state agency examiner who opined that Plaintiff could perform work activities consistent with medium work. The person who signed that report, Barry Hight, scratched through the part of the form that would have indicated he was a medical consultant. Tr. 35-42. Accordingly, it is likely that he was not a licensed medical professional of any kind. The regulations permit the agency to rely on medical sources, including licensed physicians, licensed or certified psychologists, licensed optometrists and other specified professionals. The regulations specifically provide for consideration of RFC assessments made by state agency "medical and psychological consultants and other program physicians and psychologists," but the Commissioner does not point to a regulation that would permit her to rest a decision on a form completed by a person when there is no basis in the record to conclude that the person had any particular medical credentials. Furthermore, it does not appear that the ALJ made any specific reference to or reliance on Mr. Hight's report.

Plaintiff obviously has medical conditions that affect her ability to perform work related activities. The ALJ agreed that she had severe impairments that included obesity, diabetes, arthritis and angina. He also recognized that those limitations affected Plaintiff's

ability to work when he assessed an RFC for mere light work. There is not, unfortunately, any specific medical evidence that positively states Plaintiff can perform the tasks required by light work. Dr. Simonton concluded that Plaintiff did not have objective orthopedic problems that would prevent her from employment, but such general conclusions are reserved to the Commissioner. Frank v. Barnhart, 326 F.3d 618, 620 (5th Cir. 2003). What is needed from the physician are his medical findings and opinions about the claimant's health problems, the limitations they impose, and his opinion about work related activities the claimant can still do despite her impairments.

The ALJ acknowledged that Plaintiff is not capable of performing all work activities. How he determined that Plaintiff is capable of performing the demands of light work, as opposed to sedentary or medium or some other RFC, is not clear from the decision and not evident from the medical evidence of record. Absent more specific medical findings about what Plaintiff can still do despite her limitations, the decision is not supported by substantial evidence. Rather, it is supported only by substantial speculation.

A reversal and remand of this matter is appropriate so that more specific medical evidence about the claimant's abilities can be obtained and considered. See Ripley v. Chater, 67 F.3d 552, 557-58 (5th Cir. 1995). Accordingly, a judgment will be entered **reversing** the Commissioner's decision and **remanding** this case for further proceedings pursuant to

sentence four of 42 U.S.C. § 405(g).[1]

THUS DONE AND SIGNED at Shreveport, Louisiana, this 27th day of December, 2005.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

---

[1] The parties filed written consent to have a magistrate judge decide this civil action. The case was automatically referred to the undersigned pursuant to 28 U.S.C. § 636(c) and a standing order of the district court that governs social security cases.